**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MANUEL DAVID HERNANDEZ, | : | Civil No. 3:16-cv-513 |
| | : | |
| Petitioner | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| WARDEN ODDO, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

### I.    Background

Petitioner, Manuel Hernandez, an inmate presently confined at the United States

Penitentiary, Tucson, Arizona, filed the instant petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241.  (Doc. 1).  Hernandez challenges a 1998 conviction imposed by the

United States District Court for the Western District of Louisiana.  (*Id.*).  For the reasons set

forth below, the petition will be transferred to the United States District Court for the District

of Arizona.

### II.    Discussion

"The federal habeas statute straightforwardly provides that the proper respondent to

a habeas petition is 'the person who has custody over [the petitioner].'  28 U.S.C. § 2242;

*see also* § 2243 ("The writ, or order to show cause shall be directed to the person having

custody of the person detained"). . . .'[T]hese provisions contemplate a proceeding against

some person who has the *immediate custody* of the party detained, with the power to

produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (emphasis in original) (citations omitted); *Cox v. Holt*, 2009 WL 4015567, *1-2 (M.D. Pa. 2009) (Caldwell, J.). Additionally, it is well-settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *See also Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973); *Ross v. Spaulding*, 2014 WL 3339570, *5 (M.D. Pa. 2014) (Kosik, J.). Because habeas proceedings are generally considered civil in nature, *see Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir. 2000).

In the instant case, Hernandez is housed in the United States District Court for the District of Arizona, and he is attacking a judgment imposed by the United States District Court for the Western District of Louisiana. Thus, this Court lacks jurisdiction over the instant habeas petition, as Hernandez is not presently housed in this judicial district, and is not challenging a conviction from this district. Moreover, Hernandez requests that the Court transfer his habeas petition to the United States District Court for the District of Arizona. (Doc. 11).

Accordingly, this action will be transferred to the District of Arizona. An appropriate

2

Order follows.

Dated: May 25, 2016

Robert D. Mariani
United States District Judge